NEWMAN, Circuit Judge,
dissenting.
The Department of Veterans Affairs (“VA”) and Reliable Contracting Group (“Reliable”) entered into a contract for construction of a veterans’ medical center in Miami, Florida. The contract included the provision and installation of three new backup electrical generators.
The prime contractor Reliable, through a subcontractor and supplier, provided previously owned, rusted, grime-encrusted, four-year-old generators with mounting holes and field burns. The VA on-site engineer observed their condition and objected to their installation. Reliable agreed, and wrote that the generators were “nonconforming” and “clearly unacceptable by anyone’s standards,” and chastised the subcontractor. The subcontractor described the generators as in “bad condition” and chastised the supplier.
Reliable refused to certify the generators as “new” and the VA refused to accept them. Reliable instructed the subcontractor to remove the generators and provide “conforming equipment.” The claim here is $1.1 million for the cost of providing the replacement generators. The contracting officer, affirmed by the Civilian Board of Contract Appeals, denied the claim, stating that the generators were not new and that no additional compensation was warranted.
My colleagues on this panel now fault the VA for rejecting the generators without ascertaining whether. they might be cleaned up and refurbished. On this reasoning, my colleagues remand to the Board with instructions to determine *1336 whether the damage to the generators during the four-year period in which they were improperly stored was “significant enough” to render the generators not new. Maj. op. at 1335.
I respectfully dissent.
Discussion
The Board’s findings of fact are final unless they are “fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence.” 41 U.S.C. § 609(b) (1982).
No error has been shown in the Board’s determination that the generators were not new and that an adjustment was not warranted. The Board noted Reliable’s statements that the generators were “nonconforming” and “clearly unacceptable by anyone’s standards.” The contract is explicit as to the requirement for new generators. Section 1.47 of the contract states:
(a) all equipment, material, and articles incorporated into the work covered by this contract shall be new and of the utmost suitable grade for the purpose intended, unless otherwise specifically provided in this contract.
The Board observed that neither Reliable nor its subcontractor characterized the generators as new, and that both refused to so certify.
My colleagues on this panel hold that “new” includes previously owned generators if they are in “fresh condition,” unused, and free of “significant damage.” Maj. op. at 1334. Whatever may be the applicability of such a standard to other facts, these generators showed more than “slight, superficial damage.” Id. The absence of “freshness” of these begrimed, four-year-old, “inadequately stored,” previously owned generators was not plausibly disputed. No error in fact or law has been shown in the Board’s determination that these generators were not new, on any reasonable standard of newness.
Indeed, the panel majority refers to the “unequivocal admissions by Reliable that the generators were significantly damaged and not in conformity with the contract.” Id. at 1334-35. However, the majority relieves the contractor of these admissions because they were not “binding judicial admissions” in formal court documents, but were made only in contemporaneous written records. Id. No basis has been shown for excluding this evidence.
The panel majority further errs in ruling that the correct interpretation of “new” in government contracts or under the FAR includes previously owned and damaged equipment if the damage “can be fully and easily cured.” Id. at 1335. Old and damaged equipment does not become new if the damage can be cured. There was no obligation, in law or equity, for the VA to determine whether these admittedly “nonconforming” generators could be cleaned up and refurbished. The additional costs of contract compliance are not the obligation of the agency.
The Board’s denial of the requested adjustment is correct, and is well supported in fact and law. There is no reasonable basis for further proceedings on this claim. From my colleagues’ contrary ruling, I respectfully dissent.